IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| LOYAL C. CURL, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-05-115-S-MHW |
| | ) | |
| v. | ) | **INITIAL REVIEW ORDER** |
| | ) | |
| RANDY BLADES, ISCI Prison Warden, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Petitioner Loyal C. Curl filed a Petition for Writ of Habeas Corpus on March 25, 2005. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 or Rule 4 of the Rules Governing § 2254 Cases.

INITIAL REVIEW ORDER  1

# I.

# BACKGROUND

Petitioner was convicted of one count of incest (Idaho Code § 18-6602) in the Bannock County District Court for the State of Idaho.  Judgment was entered on December 6, 2003.  He next filed a direct appeal.  The Idaho Court of Appeals affirmed his judgment on March 2, 2004.  His petition for review was denied by the Idaho Supreme Court on June 8, 2004.  Petitioner states that he also filed a post-conviction relief action, but provides no details.

In his current federal Habeas Corpus Petition, he asserts the following claims: (1) his right to a speedy trial; (2) his right to use a medical expert/evidence to support his defense; (3) his right to understand and assist in his criminal proceedings (asserting that he was physically and mentally ill at arrest); and (4) his right to have his evidence admitted to support his defense.  The Court will construe these claims as federal claims to the extent possible and, for exhaustion purposes, to the extent they were presented as federal claims in the state appellate courts.

# II.

# REVIEW OF PETITION

**A.    Standard of Law**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 2254(a).

INITIAL REVIEW ORDER  2

The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id*.

**B.     Discussion**

It is unclear from the Petition whether Petitioner has properly exhausted his claims. It is necessary for the Court to review portions of the state court record to resolve this question, and it would also be helpful to have briefing from Respondent in this matter. Therefore, the Court will order the Clerk to serve a copy of the Petition on counsel for Respondent, who may respond either by answer or pre-answer motion and who shall provide relevant portions of the state court record to this Court.

Given Petitioner's status as a *pro se* litigant, the Court provides the following habeas corpus standards of law which may apply to Petitioner's case, depending on Respondent's response.

1.     <u>Exhaustion and Procedural Default</u>

In addition to satisfying AEDPA's statute of limitations requirement, a petitioner must "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must first have fairly presented it to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has

INITIAL REVIEW ORDER  3

exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

Petitioner must also be mindful that state remedies are considered technically exhausted, but not *properly* exhausted, if he failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these circumstances, the claim is considered to have been "procedurally defaulted." *Coleman,* 501 U.S. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked

to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. To satisfy this standard, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). If a petitioner brings forward new evidence not presented at trial which tends to show his innocence, the Court must then determine whether, "in light of the new evidence, no juror, acting reasonably, would have voted to find [the defendant] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Upon such a showing, a petitioner may proceed with his claims, provided that his claim of actual innocence is accompanied by an assertion of nonharmless constitutional error at trial. *Id.* at 316.

    2.    <u>Claims Proceeding on Merits</u>

For any of Petitioner's claims that meet these procedural requirements and proceed on the merits, Petitioner shall bear the burden of proving that the state court judgment either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or that it "resulted in a decision that was based on an unreasonable determination

INITIAL REVIEW ORDER  5

of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

**C.     Petitioner's Other Motions**

Petitioner has requested in forma pauperis status.  Petitioner stated in his Affidavit that he does not have employment at the prison.  Additionally, at the time he filed his Petition, Petitioner had no funds in his prison trust account.  Based on the foregoing, Petitioner's Motion shall be granted, which allows Petitioner to pay the filing fee when and as he can afford to do so, rather than at the time of filing.  Petitioner is ordered to pay the $5.00 filing fee when Petitioner next receives funds in his prison trust account.  There is no deadline for payment.

Petitioner has also requested appointment of counsel.  There is no constitutional right to counsel in a habeas corpus action.  *Coleman v. Thompson,* 501 U.S. 722, 755 (1991).  A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in his case.  *See* Rule 8(c) of the Rules Governing Section 2254 Cases. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice.  28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B).  Whether counsel should be appointed turns on Petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits.  *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

At this point, it is unclear whether Petitioner has exhausted his claims and will be able to proceed in federal court. Therefore, the Court will presently deny the request for appointment of counsel, but will reconsider its decision after it reviews the state court record and Respondent's submissions.

### III.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion to Proceed in Forma Pauperis (Docket No. 1) is GRANTED. Petitioner shall pay the $5.00 filing fee when he next receives funds in his prison trust account.

IT IS FURTHER HEREBY ORDERED that Petitioner's request for appointment of counsel (contained in Docket No. 3) is DENIED. The Court will reconsider appointing counsel at a later date if it appears necessary.

IT IS FURTHER HEREBY ORDERED that the Clerk of Court shall serve a copy of the Petition (Docket No. 3), with exhibits, together with a copy of this Order, on the Attorney General for the State of Idaho on behalf of Respondent, as follows:

> L. LaMont Anderson
> Office of the Idaho Attorney General
> P.O. Box 83720
> Boise, ID 83720-0010.

IT IS FURTHER HEREBY ORDERED that Respondent shall file an answer or other appropriate pre-answer motion conforming in all respects to the Rules Governing Section 2254 Cases in the United States District Courts within 60 days after entry of this

INITIAL REVIEW ORDER  7

Order.  Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state trial record that have been transcribed previously which are relevant to a determination of the issues presented.

IT IS FURTHER HEREBY ORDERED that any state court pre-sentence evaluation reports shall be filed under seal of this Court without an accompanying motion.

IT IS FURTHER HEREBY ORDERED that Respondent and Petitioner shall file any motions for summary judgment within 90 days after entry of this Order.  A motion for summary judgment shall fully brief all claims and issues raised in the Petition and contain appropriate citations to the record.  Responses to such motions shall be due within 30 days after service of motions; reply briefs shall be due within 14 days after service of responses.  These deadlines supersede those specified in the "Notice to Pro Se Litigants of the Summary Judgment Rule Requirements."  No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

IT IS FURTHER HEREBY ORDERED that no discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

IT IS FURTHER HEREBY ORDERED that the parties need not file the following in this matter: (1) notices of non-objections to motions to which they do not

INITIAL REVIEW ORDER  8

object; (2) responses to motions which are meritless; or (3) notices of intent not to file a reply.  If additional briefing is required on any motion, the Court will order it.

      IT IS FURTHER HEREBY ORDERED that each party shall ensure that all documents filed with the Court are simultaneously served by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5.  Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made. The Court will not consider *ex parte* requests unless a motion may be heard *ex parte* according to the rules and the motion is clearly identified as requesting an *ex parte* order, pursuant to Local Rule 7.2.  ("*Ex parte*" means that a party has  provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

      IT IS FURTHER HEREBY ORDERED that all Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.1 and 7.1.  The Court will not consider requests made in the form of letters.

      IT IS FURTHER HEREBY ORDERED that Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

INITIAL REVIEW ORDER  9



DATED: **June 22, 2005**

_____
Honorable Mikel H. Williams
United States Magistrate Judge